UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80071-CIV-MARRA/SELTZER

SANDRA BELLIN, individually, and
as legal guardian for her husband,
ARTHUR BELLIN

      Plaintiff,

vs.

LA PENSEE CONDOMINIUM
ASSOCIATION, INC.

      Defendant.
_____/



FILED by _____ D.C.

JAN 05 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND OVERRULING PLAINTIFF'S OBJECTIONS
TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Preliminary Injunction (DE 20), filed August 20, 2005, and the Report and Recommendation of United States Magistrate Judge Barry S. Seltzer, (DE 38), filed October 12, 2005. Plaintiff has filed her Objections to the Magistrate Judge's Report and Recommendation (DE 40), and Defendant has filed its Response to Plaintiff's Objections (DE 43). On November 3, 2005, Plaintiff filed her Reply to Defendant's Response to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation. (DE 47.) The Court has conducted a de novo review of the motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

**I.    Background**

On January 28, 2005, Plaintiff filed the present action against Defendant, asserting causes of action under 42 U.S.C. § 3601 et seq, the Fair Housing Act ("FHA"), as well as under Fla. Stats. §§ 760.20-37, the Florida Fair Housing Act. Plaintiff's complaint alleges that Defendant has discriminated against her in her residence due to Mr. Bellin's multiple disabilities. (Compl. ¶



19.) In her Motion for a Preliminary Injunction, Plaintiff requests two forms of injunctive relief. First, Plaintiff requests that this Court enjoin Defendant from proceeding in its foreclosure action against Plaintiff in state court. Second, Plaintiff requests that Defendant be enjoined from levying special assessments against her in the future for legal fees incurred in connection with the instant matter. The Court hereby adopts and incorporates the sections of the Magistrate Judge's Report and Recommendation entitled Background.

## II.    Discussion

As previously indicated, the Court has conducted a _de novo_ review of the Report and Recommendation of the Magistrate Judge. The Court has also considered the Objections to the Report and Recommendation filed by Plaintiff, as well as the Response filed by Defendant and the Reply filed by Plaintiff. After due consideration, the Court agrees with the finding and recommendation of the Magistrate Judge. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge in all respects, and overrules the Objections filed by Plaintiff.

In so concluding, the Court notes that Plaintiff's claim that Defendant's foreclosure action violates the retaliation provisions of the Fair Housing Act is misplaced. As the Magistrate Judge's Report and Recommendation correctly explains, Plaintiff cannot evade her independent legal obligation to pay special assessments by arguing that such payment amounts to retaliation for asserting her fair housing rights. (Report and Recommendation 13.) Plaintiff's obligation to pay a special assessment arises under Defendant La Pensee's by-laws and condominium declaration. It is therefore wholly separate and distinct from the alleged discrimination that forms the basis of her claim. Absent a showing that the special assessment is discriminatory because it has been selectively imposed on Plaintiff to the exclusion of other La Pensee residents, Plaintiff has not provided this Court with a sufficient basis for her requested relief.

Moreover, Plaintiff's request that this Court enjoin Defendant from levying future special assessments is too attenuated from Plaintiff's claims of discrimination. The Magistrate Judge's Report and Recommendation correctly analyzes this issue. Simply put, enjoining future assessments would be both impermissibly conjectural at this stage in the proceedings and improper, insofar as such action would not remedy the harm Plaintiff claims. Plaintiff argues in her Objections that the Magistrate Judge failed to make any determination as to whether there is a likelihood of success, as required by Fed. R. Civ. P. 65. (Pl.'s Objections 2.) In fact, the Magistrate Judge's finding that Plaintiff's requested relief is too attenuated from Plaintiff's claims of discrimination is necessarily the result of such a determination. In other words, Plaintiff's likelihood of success on the merits in its underlying discrimination claim is neither increased nor diminished by this Court's grant or denial of Plaintiff's requested relief. Rather, as previously noted, Plaintiff's duty to pay special assessments exists whether or not she is likely to prevail in her claim. Because a preliminary injunction must be tailored to remedy the specific harm shown, and because Plaintiff's requested relief would not be able to achieve such a result, the Court therefore concludes that Plaintiff's Motion for Preliminary Injunction must be **DENIED**.

Accordingly, it is hereby

**ORDERED and ADJUDGED** that the Magistrate Judge's Report and Recommendation is **ADOPTED**. Plaintiff's Motion for Preliminary Injunction, **(DE 20)**, is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of January, 2006.

                                            _____
                                            KENNETH A. MARRA
                                            United States District Judge

Copies furnished to: all counsel of record